## OLSON *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—BRIEFS—ADDITIONAL TIME.

> Motion for further time within which appellant might file his brief is denied, where reasons assigned indicate that 4 days elapsed after he became aware that his brief had not been filed before case came on for hearing by the Supreme Court with no action taken thereon by appellant to see that brief was timely filed 24 hours before case came on for hearing (Court Rule No 69, § 4 [1945]).

2. SAME—BRIEFS IN SUPREME COURT—TIME.

> The purpose of the requirement that brief be presented to Supreme Court 24 hours before case is called for hearing is to enable intelligent preparation by Court and counsel for thorough grasp and consideration of forthcoming oral argument and to aid the Court in contemplative conference immediately thereafter (Court Rule No 69, § 4 [1945]).

3. SAME—FAILURE TO FILE BRIEF.

> Appeal is dismissed for failure of appellant to file brief prior to time of hearing by Supreme Court, where appellant's attorney knew of situation 4 days before case was heard yet filed no motion for continuance nor filed brief until after case was called, as courts should always favor diligence over negligence and all parties litigant are entitled to prompt justice (Court Rules No 69, § 4, No 70, § 4 [1945]).

4. SAME—COSTS—BRIEF.

> Appellees are limited in costs to usual counsel fee, allowable on motion to dismiss, plus cost of printing their brief, where appeal is dismissed for appellants failure to file brief (Court Rules No 69, § 4, No 70, § 4 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 779.
[2] 3 Am Jur, Appeal and Error §§ 764, 779.
[3, 4] 3 Am Jur, Appeal and Error § 781.

Appeal from Wayne; Webster (Arthur), J. Submitted January 10, 1956. (Docket No. 58, Calendar No. 46,691.) Decided March 1, 1956. Rehearing denied April 12, 1956.

Bill by Sally Olson, Renee Mack and Florette Mack against City of Detroit, a municipal corporation, and Huntington Gardens Corporation, a Michigan corporation, to enjoin vacating and closing public street. Bill dismissed on motion. Plaintiffs on appeal did not seasonably present record and brief and applied for further time in respect to latter. Appeal dismissed.

*Peter R. Rogan,* for plaintiffs.

*Paul T. Dwyer,* Corporation Counsel, and *Robert Reese,* Assistant Corporation Counsel, for defendant City of Detroit.

*Friedman, Myers & Keys (Donald E. Barris* and *Raymond X. Zweig,* of counsel), for defendant Huntington Gardens Corporation.

BLACK, J. Plaintiffs' bill, filed in the Wayne circuit August 29, 1955, was dismissed on motion of defendants by the Honorable Arthur Webster, circuit judge, presiding. The decree of dismissal is dated September 13, 1955.

Plaintiffs' claim of appeal was filed September 26th. The cause was regularly placed on the January term docket here, pursuant to Court Rule No 70 (1945), by appellees' note of argument served November 23d. The printed record was filed December 7th. The entry fee and record-printing bill were voluntarily paid by appellees with no claim of understanding that they would be reimbursed on account thereof. Appellees' brief was filed December 28th.

No brief for appellants having been filed, appellees' counsel moved to dismiss the appeal under Rule No 69, § 2 (1945). The motion was made in open court when the case was called for argument January 10th. All counsel were present. They were advised by the court that the motion would be taken under advisement.

Appellants' counsel has since moved for further time to file brief, assigning following reasons:

"1. Your deponent left the State immediately after approving the proof sheets of the printed record, together with the appellants' brief which had been prepared and readied for printing at the same time.

"2. That in your deponent's absence, a personnel change was affected in the office and the brief together with instructions for its printing was misplaced or lost.

"3. That for personal reasons deponent did not contact his office or home until January 6, 1956, when he was informed this matter had been placed on the docket for January 10, 1956, and a review of the file revealed the lack of a brief."

The motion for further time is not appealing on face thereof and it is denied with suggestion that counsel read Mr. Justice Jackson's opinion in *Knickerbocker Printing Corp.* v. *United States,* 75 S Ct 212, 99 L ed 1292.*

Counsel must be advised that our rules mean something. The purpose of the 24-hour requirement of Rule No 69 is to enable intelligent preparation by court and counsel for thorough grasp and consideration of forthcoming oral argument, and to aid the Court in contemplative conference upon the case immediately thereafter. The aim of the rule cannot be

---

* Mr. Justice Jackson signed the memorandum as circuit justice of the second circuit and his opinion is not officially reported. Certiorari was later denied. See 348 US 875 (75 S Ct 112, 99 L ed 689).—RE-PORTER.

accomplished if the brief of one party, whether he be appellant or appellee, is not available.

The situation is no different when a calendar cause is received on briefs, following call thereof during term. An appellate court approaching conference upon a case briefed for 1 side only must either continue its conference pending receipt of brief or dig out, as best it can from printed record, slugabed contentions. The late brief thus hampers judicial work that is done best when it is done on time, and it is the duty of this Court to lead the way toward final elimination of such practice.

This counsel, by his own affidavit, had notice January 6th of a situation that was bound to affect orderly progress of an appeal he had taken to this Court. He knew, absent immediate motion for continuance under Rule No 70, § 4, that the appeal would become subject to dismissal by the Court (Rule No 69, § 4). Yet no motion or brief was filed until after the case was called and appellees' motion to dismiss was accepted for consideration.

Courts should always favor diligence over negligence. All parties litigant, whether plaintiff or defendant, are entitled to prompt justice. The present parties received it below and, foregoing premises considered, should receive it here.

The motion to dismiss appeal was quite in order and it is granted accordingly. Appellees' costs will be limited to the usual counsel fee, allowable on motion to dismiss, plus cost of printing their brief.

SHARPE, SMITH, REID, BOYLES, KELLY, and CARR, JJ., concurred with BLACK, J.

DETHMERS, C. J., concurred in the result.